Case 1:23-cv-07400-JGLC   Document 21   Filed 03/07/24   Page 1 of 6



Eric L. Buchanan
*Licensed in Tennessee and Georgia*

Hudson T. Ellis
*Licensed in Tennessee, Georgia and the District of Columbia*

**ERIC BUCHANAN — & ASSOCIATES —**

DISABILITY INSURANCE ATTORNEYS

PO Box 11208
Chattanooga, TN 37401

(877) 634-2506 ▪ (423) 634-2506
Fax (423) 634-2505
www.buchanandisability.com



March 6, 2024

<u>Via ECF:</u>

The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

  Re:  *Helen Smith v. First Unum Life Ins. Company and Unum Group Corp.*
      Case No.: 1:23-cv-07400 (JGC)

Dear Judge Clarke:

  In accordance with Subsection K of the Court's Individual Rules of Practices in Civil Cases and Local Rule 37.2, the parties submit the following joint letter motion seeking the Court's assistance in resolving a discovery dispute in this ERISA action.

  Under the Court's Scheduling Order (Ct. Doc. 19), Plaintiff served limited discovery requests on December 21, 2023. Plaintiff's discovery requests consisted of seven requests for admission, six interrogatories, and eight requests for production, all of which sought information relevant to Defendants' financial bias and structural conflict of interest as an ERISA administrator. Plaintiff also notified Defendants that she would be deposing Defendants' claim handling employees involved in the initial denial of her claim.

  Defendants informed Plaintiff they would not respond to her discovery requests absent a court order requiring them to do so. After additional written discussion, counsel for both parties conferred telephonically on January 25, 2024, and attempted to resolve the dispute but failed.

Accordingly, the parties submit this letter-motion and request the Court's assistance in resolving this discovery dispute. The parties' positions on the dispute are as follows:

1. **Plaintiff's Position:**

First, Plaintiff notes the governing scheduling order specifically contemplates the occurrence of discovery and does not set forth any prerequisites to Plaintiff's ability to conduct limited ERISA discovery. Instead, the Court's Order states "[a]ll fact discovery shall be completed no later than March 21, 2024," that interrogatories and requests for admission "shall be served no later than December 22, 2023," and that "[d]epositions pursuant to Fed. R. Civ. P. 30 and 31 shall be completed by the date set forth in paragraph 8(a)." *See* Court's Civil Case Management Plan and Scheduling Order, Paragraph 8, Subparts (a)-(e), dated November 16, 2023 (Ct. Doc. 19). Accordingly, Plaintiff's discovery requests were timely and proper under the scheduling order and Defendants' blanket refusal to comply with her requests absent another ruling from the Court was improper.

The absence of any discovery prerequisites in the scheduling order aligns with the Supreme Court's holding in *MetLife v. Glenn* that limited discovery into an ERISA administrator's conflict of interest and the completeness of the record is specifically recommended to assist courts in properly evaluating the administrator's conflict of interest. *See Metlife v. Glenn,* 554 U.S. 105 (2008). Paragraph 8 of the Scheduling Order also aligns with the holdings of several other courts within the Second Circuit, who "[…] have dispensed with any ERISA-specific discovery rules, and instead apply the ordinary standards set forth in Fed. R. Civ. P. 26 to govern discovery into the effect of the administrator's conflict of interest." *N'Diaye v. Met. Life Ins. Co.*, 2018 WL 2316335, at 6 (S.D.N.Y. 2018); *see also Joyner v. Cont'l Cas. Co.*, 837 F. Supp. 2d 233, 242 (S.D.N.Y. 2011); *Hogan-Cross v. Metropolitan Life Ins. Co.*, 568 F.

Supp. 2d 410 (S.D.N.Y. 2008) ("[b]lunderbuss attempts to cut off discovery on the ground that it never or rarely should be permitted in these cases, whatever their merits before *Glenn*, no longer have merit."). Based on these holdings, Plaintiff should be permitted to conduct discovery without seeking additional leave from the Court.

Plaintiff's discovery requests are proper even under the "reasonable chance" standard used by other courts in the Second Circuit. Under the "reasonable chance" standard, plaintiffs seeking to discover information outside the ERISA administrative record "need not make a full good cause showing but must show a reasonable chance that the requested discovery will satisfy the good cause requirement." *Feltington v. Hartford Life Ins. Co.*, 2021 WL 2474213, at 9 (E.D.N.Y. June 17, 2021); *see also Smith v. First Unum Life Ins.*, 2020 WL 6281451 (S.D.N.Y. October 21, 2020). Courts allow discovery under the "reasonable chance" standard when the Plaintiff provides plausible allegations of both the existence of a structural conflict of interest and "procedural irregularities" in the administrative review process. *See S.M. v. Oxford Health Plans*, 2014 WL 1303444, at 5 (S.D.N.Y. 2014).

In her complaint, Plaintiff alleged and attached information confirming Defendants establish and provide their claim-handling employees—including those involved in Plaintiff's claim—with monthly denial targets (recovery plans) and pushes these employees to meet the recovery goals by denying a certain number of claims each month. *See* Pl.'s Am. Compl. (Ct. Doc. 14) at ¶¶ 38-50 & Exhibits 1-3. These allegations and the evidence attached to Plaintiff's complaint are sufficient under the "reasonable chance" standard, and Plaintiff should be permitted to conduct discovery.

   2. **Defendants' Position:**

Defendants briefly address Plaintiff's contention that the scheduling order does not set forth any prerequisite to Plaintiff's ability to conduct limited ERISA discovery. Plaintiff's counsel is well aware that in ERISA cases, discovery is limited to the administrative record before the plan administrator at the time the claim determination was made. *Elizabeth Boey Chao, M.D. v. Hartford Life Ins. Co.*, 2016 U.S. Dist. LEXIS 172258, *5 (S.D.N.Y. Dec. 13, 2016); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003). As such, Plaintiff is not permitted to seek discovery outside of the administrative record absent a Court Order.

In determining whether to allow conflict of interest discovery in ERISA cases, courts apply one of two standards: (i) the "reasonable chance" standard or (ii) the standard set forth in Fed. R. Civ. P. 26 ("R 26 Standard"). Most courts in the Second Circuit follow the reasonable chance standard in evaluating whether conflict of interest discovery is appropriate. That is, when seeking conflict of interest discovery outside of the administrative record, a plaintiff challenging a claim decision must show that there is "a reasonable chance that the requested discovery will satisfy the good cause requirement." *Shelton v. Predential Ins. Co.*, 2016 U.S. Dist LEXIS 74739, *16 (S.D.N.Y. June 8, 2016); *Anderson v. Sotheby's Inc. Severance Plan*, 2005 U.S. Dist. LEXIS 9033, *17 (S.D.N.Y. May 12, 2005); *Durham v. Prudential Ins. Co. of Am.*, 890 F.Supp.2d 390, 397 (S.D.N.Y. 2012). If permitted discovery without satisfying the "reasonable chance" standard, "[Plaintiff] could indulge in fishing expeditions by summarily stating that any requested discovery might help to show good cause." *Anderson*, 2005 U.S. Dist. LEXIS 9033. *17. Thus, a plaintiff must allege facts that the conflict of interest actually affected the administrator's decision on her claim. *See*, *Durham*, 890 F.Supp. 2d at 397; *Baird v. Prudential Ins. Co. of Am.*, 2010 U.S. Dist. LEXIS 100941, at *26 (S.D.N.Y. Sep. 23, 2010)("Plaintiff's suggestion that discovery might demonstrate that Defendant's conflict of interest influenced its

4

decision-making to a degree that would affect this Court's review of Defendant's termination decision…is insufficient to demonstrate that there is a reasonable chance…the requested discovery will satisfy the good cause requirement.")(internal quotations omitted).

A minority of courts in the Second Circuit apply the R 26 Standard, wherein the plaintiff must establish that the discovery request is narrowly tailored to the "financial conflict of interest inquiry" and proportional to the needs of the case. *N'Diaye v. Metro. Life Ins. Co.*, 2018 U.S. Dist. LEXIS 781417, *19-20 (S.D.N.Y. May 18, 2018). Even under the R 26 Standard, "some degree of caution" is required to ensure that discovery is limited "if the burden or expense of the proposed discovery outweighs its likely benefit" and appropriate weight given to the "significant ERISA policy interests of minimizing costs of claims disputes and ensuring prompt claim-resolution procedures." *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 295 (2d Cir. 2004).

Plaintiff is not automatically entitled to any conflict of interest discovery that she deems necessary to build her case. The Court, not Plaintiff, retains the ultimate authority to determine if limited conflict of interest discovery is warranted, or if the discovery demands are narrowly tailored to the financial conflict of interest inquiry and proportional to the needs of the case. Plaintiff's assertion that allegations in her Complaint are sufficient to satisfy the reasonable cause standard does not inherently confirm that a conflict of interest existed affecting the claim decision warranting extra-record discovery. And her assertion, in no way, establises that this Court will find that she satisfied her burden of allegeing specific facts regarding a conflict of interest or that the discovery requested is narrowly tailored to the financial conflict of interest inquiry. Accordingly, Plaintiff cannot obtain extra-record conflict of interest discovery absent a Court Order.

Respectfully submitted this 6th day of March 2024.

BY: *s/ Noah Breazeale*  
Noah A. Breazeale*  
414 McCallie Avenue  
Chattanooga, Tennessee 37402  
(423) 634-2506  
(423) 634-2505 (fax)  
nbreazeale@buchanandisability.com  
*Admitted Pro Hac Vice*  
*Attorneys for Plaintiff*

*s/ Robert Wright*  
Robert Wright, Esq.  
White and Williams LLP  
One Gateway Center, Ste. 910  
Newark, NJ 07102-4200  
Tel: (201) 368-7202  
Email: wrightr@whiteandwilliams.com  
*Attorneys for Defendants*

The parties shall file with the Court the discovery requests at issue no later than **March 8, 2024**.

SO ORDERED.

*/s/ Jessica Clarke/*

JESSICA G. L. CLARKE  
United States District Judge

Dated: March 7, 2024  
New York, New York